**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK**
-----------------------------------------------------------X
JTH TAX, INC.,

                          Plaintiff,

          - against -

LIBERTY TAX & BUSINESS
SERVICES, CORP., et al.,
                          Defendant.
-----------------------------------------------------------X

**ORDER**

CV 05-1290 (CPS) (JO)

**JAMES ORENSTEIN, Magistrate Judge:**

       Plaintiff JTH Tax, Inc. ("JTH") seeks an order precluding defendants and counter-claimants Liberty Tax & Business Services, Corp. ("LTBS") and Luis Fray ("Fray") from introducing evidence or raising claims related to three specific issues as to which JTH claims the defendants have "essentially provided no discovery." *See* Docket Entry ("DE") 18 at 1. Although the defendants purport to oppose the relief JTH seeks, their submission to that effect largely substantiates rather than refutes JTH's assertions about their discovery deficiencies. Nonetheless, as discussed below, to avoid prematurely imposing a sanction that might unduly prevent the parties from reaching a resolution of their dispute on the merits, I will afford the defendants one last chance to provide the discovery JTH legitimately seeks before imposing certain specific sanctions, as described below.

       At a status conference on July 21, 2006, I noted that the defendants had "defaulted on virtually all of their discovery obligations." DE 15. At the conference, JTH identified the specific items that were outstanding and I afforded the defendants two weeks to produce them. *Id.* To facilitate and expedite motion practice as to the defendants' quasi-default, on July 25, 2006, JTH, acting at my direction (*see id*.), submitted a letter-motion seeking an order to compel

the production of all the discovery it had previously requested that the defendants had thus far failed to provide. *See* DE 17. Pursuant to my order of July 21, 2006, I held that motion in abeyance to provide an opportunity for the defendants to come into compliance and render the motion moot.

On August 7, 2006, JTH submitted a supplemental letter asserting that despite the defendants' last-minute production, there remained three areas central to this trademark suit as to which the defendants had, in essence, failed to provide discovery: (1) the defendants' assertion, in support of their counterclaim, that their business name and trade dress had acquired a "secondary meaning" in the market place; (2) identification of the defendants' customers who, according to allegations in the defendants' Answer and Counterclaims, had been "confused" or "ang[ered]" by the plaintiff's use of the trademarks at issue; and (3) the defendants' claim for damages on their counterclaims. As a sanction for the discovery failures it asserted, JTH seeks an order precluding the defendants from introducing in any subsequent proceeding evidence as to secondary meaning, actual confusion, or damages. In addition, JTH noted that the defendants had identified only a single individual – namely, defendant Fray – as having discoverable information relevant to the instant suit. As a consequence, JTH asks me to preclude the defendants from offering the testimony of any fact witness other than Fray. DE 18.

The defendants' response, DE 20, addressed but did not challenge each of JTH's claims. First, the defendants noted that they had made available to JTH files from which the latter could obtain the information it seeks about their clients. With respect to the issue of identifying customers to support their "actual confusion" claim, the defendants assert that they do not keep records of such individuals. As to damages, the defendants claim that they have only "anecdotal"

support and thus that they have no supportive documents to produce. Finally, the defendants seek to amend their disclosure of potential witnesses under Rule 26(a)(1)(A) so as to include certain LTBS employees whose names were included, apparently for the first time in this discovery process, in a response served on the last day of the period for fact discovery. DE 20.

There is no question that the defendants have failed to comply with orders to provide discovery and thus that sanctions pursuant to Rule 37 are warranted. *See* Fed. R. Civ. P. 37(b)(2), (d). That rule identifies a range of permissible sanctions from the modest relief of requiring the recalcitrant party to reimburse its adversary for the expenses incurred in vindicating its discovery rights, to more severe steps such as precluding evidence or deeming disputed matters to be resolved adversely to the noncompliant party. Fed. R. Civ. P. 37(b)(2); *See Cine Forty-Second Street Theatre Corp., v. Allied Artists Pictures Corp.*, 602 F.2d 1062, 1066 (2d Cir. 1979). Although a district court has broad discretion in choosing an appropriate sanction, it should reserve the most severe punishments for the "rare" cases in which "they are necessary to achieve the purpose of Rule 37 as a credible deterrent." *Update Art, Inc. v. Modiin Publishing, Ltd.*, 843 F.2d 67, 71 (2d Cir. 1988). In general, a drastic sanction is only warranted if the noncompliance has been "willful, or in bad faith, or otherwise culpable." *Luft v. Crown Publishers, Inc.*, 906 F.2d 862, 865 (2d Cir. 1990) (citing *Societe Internationale pour Participations Industrielles et Commerciales, S.A. v. Rogers,* 357 U.S. 197, 212 (1958)). Among the factors I should consider in selecting an appropriate sanction are the extent and duration of the noncompliance, the culpability of the noncompliant party, the adequacy of notice, and the efficacy of lesser sanctions. *See Bambu Sales, Inc. v. Ozak Trading Inc.,* 58 F.3d 849, 852 (2d Cir. 1995).

In considering those factors, I note that while the defendants appear in large part to have ignored their discovery obligations, they did recently make a last-minute attempt to produce certain responsive documents. Moreover, while my prior orders were clear as to the defendants' obligation to comply with existing orders and complete discovery by a deadline (which, I note, has since passed) or risk incurring sanctions, I did not actually specify the form that such sanctions would take. Accordingly, to ensure the adequacy of notice to the defendants as to the specific sanction that they risk and eliminate the possibility that a sanction lesser than the drastic remedy JTH seeks will suffice, I order as follows with respect to each category of information that JTH identifies in its motion:

1. <u>Secondary Meaning</u>. No later than September 12, 2006, the defendants shall produce either the information responsive to JTH's interrogatories 10 and 11 or the specific documents, grouped by year and by county, from which such information can be derived. If the defendants elect to produce documents, they may comply by making the specific documents available for inspection and copying, but only after segregating them into collections responsive as to each year and county. I will not consider the defendants to be in compliance with the preceding order if they do no more than simply make available for inspection and copying a large number of otherwise undifferentiated documents. Failure to comply will result in the preclusion of any evidence offered at any future stage of this proceeding by the defendants to prove the existence of such secondary meaning.

2. <u>Actual confusion</u>. No later than September 12, 2006, the defendants shall identify, by name or (if the defendants are unable to supply a name) other specifically identifying characteristics, each individual or corporate client that they believe to have been angered or

confused for any reason attributable to JTH. If they know of no such specific individual or corporate clients, they shall provide a certification of that fact. Failure to comply will result in the preclusion of any evidence offered any future stage of this proceeding by the defendants to prove such actual confusion.

3. <u>Damages</u>. No later than September 12, 2006, the defendants shall produce a written statement setting forth each specific factual allegation upon which they rely in estimating that their damages exceed $5,000,000.00. With respect to each such factual allegation, the defendants shall identify with specificity any witness or document on which they will rely to prove the allegation. Only the witnesses and documents so specified will be admissible in any future stage of this proceeding as sources of proof of their damages. Upon request by JTH made by September 19, 2006, any witness so specified shall testify at a deposition no later than October 3, 2006.

4. <u>Amendment of Rule 26(a) disclosure</u>. The individuals whom the defendants seek to add to their list of potential witnesses, and their status as potential sources of discoverable information that they might use to support claims or defenses, were plainly all known to the defendants from the inception of this litigation. The defendants offer no excuse for the fact that they nevertheless failed to identify these persons pursuant to Rule 26(a)(1)(A) until a time when their adversary could not, consistent with the discovery schedule, seek discovery from them. However, rather than deny the application outright, I will permit then to amend their Rule 26(a)(1)(A) disclosure on the following conditions: (1) As to each person whom the defendants wish to add to their Rule 26(a)(1)(A) disclosure, no later than September 12, 2006, they shall produce a written narrative statement of the discoverable information the person has that the

defendants may use to support their claims or defenses; and (2) upon request by JTH made by September 19, 2006, the person so named shall testify at a deposition no later than October 3, 2006.

**SO ORDERED.**

Dated: Brooklyn, New York
       August 29, 2006

<u>/s/ James Orenstein</u>
JAMES ORENSTEIN
U.S. Magistrate Judge